UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>FOR THE USE AND BENEFIT of the )<br>HIGHLAND RENVOVATION CORP. )<br>6705 Kelly Road )<br>Warrenton, VA.  20187 )<br>  )<br>**Plaintiff,** )<br>  )<br>v. )<br>  )<br>HANOVER INSURANCE GROUP )<br>d/b/a HANOVER INSURANCE COMPANY )<br>440 Lincoln Street )<br>Worcester, MA 01653, )<br>  )<br>**Defendant.** )<br> )| Case:  1:07-cv-01902<br>Assigned To:  Roberts, Richard W.<br>Assign. Date:  10/22/2007<br>Description:  Contract |

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION AND POINTS AND AUTHORITIES**

Comes now Defendant, Hanover Insurance Group, d/b/a Hanover Insurance Company ("Hanover"), pursuant to Rule 12(b)(1) Fed. R. Civ. P. and respectfully requests that this Court dismiss the Plaintiff's complaint for lack of subject matter jurisdiction as a consequence of the Plaintiff filing its Complaint beyond the applicable statute of limitations.  This motion relies upon the Plaintiff's complaint, the exhibits attached thereto, as well as the memorandum of arguments set forth below.

**A.  Introduction and Summary**

1.   The instant case involves a Miller Act claim which the Plaintiff has ostensibly brought pursuant to 40 U.S.C. § 3133.  Defendant Hanover is the surety that issued the Miller Act bonds under consideration.

2.   Plaintiff alleges that it was hired by Military Personnel Services Corporation ("MPSC") to provide labor and materials under three government contracts for a construction project

located at 1100 Pennsylvania Avenue N.W., 8th Floor, Washington, DC, also known as the Old Post Office Pavilion Project (the "Project"). The three contracts at issue were entered into between the General Services Administration ("GSA") and MSPC and are identified by the Plaintiff as contract numbers GS-11P-04-ZG-C-0212 ("212"), GS-11P-04-ZG-C-0221 ("221") and GS-11P-06-ZG-C-0166 ("166"). (The three contracts at issue herein will also be referred to collectively as the "Contracts"). Defendant, Hanover, issued the bonds required by the Miller Act for the Contracts.

3. Plaintiff further alleges that it remains unpaid for services rendered and materials supplied under the Contracts in the amount of $329,183.03. Plaintiff seeks to recover this amount from the Defendant surety, Hanover.

4. Plaintiff, however, has failed to file this case within the one year limitations requirement of 40 U.S.C. § 3133(b)(4). This one year limitation is jurisdictional in character. *United States for the use of Celanese Coatings Co. v. Gullard,* 504 F.2d 466, 468 (9th Cir. 1974); *United States for the Use and Benefit of John A. Denie's Sons Co. v. Bass,* 111 F.2d 965, 965 (6th Cir. 1940); *United States for Use and Benefit of Lank Woodwork Co., Inc., v. CSH Contractors, Inc.,* 452 F.Supp. 922, 924 (D.D.C 1978).

5. Because the Plaintiff failed to file its Complaint within the required one-year period, this Court lacks subject matter jurisdiction over this case and all claims Plaintiff has alleged. Whenever it appears by suggestion of the parties or otherwise that the Court lacks jurisdiction of the subject matter, the Court shall dismiss the action. Rule 12(h)(3) FED. R. CIV. P. Accordingly, pursuant to Rule 12(b)(1) FED. R. CIV. P. and Rule 12(h)(3) FED. R. CIV. P., Hanover seeks dismissal of this case in its entirety for lack of subject matter jurisdiction

**B. Argument**

*Standard of Review*

6. Subject matter jurisdiction may be challenged at any time by the parties, by the Court *sua sponte*, or on appeal. Rule 12(h)(3); *Arbaugh v. Y&H Corp.,* 126 S.Ct. 1235, 1240 (2006); *United Investors Life Ins. Co. v. Waddell & Reed, Inc.,* 360 F.3d 960, 967 (9th Cir. 2004); *Baca v. King,* 92 F.3d 1031, 1034 (10th Cir. 1996). To resolve the question of subject matter jurisdiction, a Court can refer to evidence outside the pleadings. *Luckett v. Bure,* 290 F.3d 493, 496-97 (2d Cir. 2002); *Gonzales v. U.S.,* 284 F.3d 281, 288 (1st Cir. 2002); *Indium Corp. of America v. Semi-Alloys, Inc.*, 781 F.2d 879, 884 (Fed. Cir. 1985), *cert. denied*, 479 U.S. 820 (1986).

7. Once jurisdiction is challenged by the court or the opposing party, the plaintiff bears the burden of establishing jurisdiction. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 2136 (1992); *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). A plaintiff must establish jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed. Cir. 1988); *Alaska v. United States*, 32 Fed.Cl. 689, 695 (1995), *appeal dismissed*, 86 F.3d 1178 (Fed. Cir. 1996). To meet its burden of proof, a plaintiff cannot merely rely on allegations in its complaint, but must instead bring forth relevant, competent proof to establish jurisdiction. *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. at 189; *see also Land v. Dollar*, 330 U.S. 731, 735 (1947); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d at 747; *Catellus Development Corp. v. United States*, 31 Fed.Cl. 399, 404-05 (1994). "Conclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss." *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir.1981), *aff'd*, 460 U.S. 325 (1983).

*This Court Lacks Subject Matter Jurisdiction Over the Instant Case, Because the Statute of Limitations has Expired*

8.  A claim brought pursuant to 40 U.S.C. § 3133 "must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action."  40 U.S.C. § 3133(b)(4); *United States for Use and Benefit of Statham Instruments, Inc. v. Western Cas. & Sur. Co.,* 359 F.2d 521, 523 (6th Cir. 1966); *Sloan Const. Co. v. American Renovation and Const. Co.,* 313 F.Supp.2d 24, 32 (D. Puerto Rico 2004).  This one year limitations period is jurisdictional in character.  *Gullard,* 504 F.2d at 468; *Bass,* 111 F.2d at 965; *CSH Contractors, Inc.,* 452 F.Supp. at 924.  Compliance with this limitation period is a condition precedent to maintaining an action under 40 U.S.C. § 3133.  *Gullard,* 504 F.2d at 468; *Western Cas. & Sur. Co.,* 359 F.2d at 523; *Bass,* 111 F.2d at 965.

9.  This Court can take judicial notice of the fact that Plaintiff filed the instant case on October 22, 2007.  This date is later than one year after the day on which the last of the labor was performed or material was supplied by the Plaintiff under each of the contracts addressed in the complaint.

10.  A true and correct copy of the last invoice submitted to the GSA for work done under Contract 212 is attached hereto as Exhibit "1."  The date of this invoice is June 2006, and reflects a billing to the government for the last work done under Contract 212.  See Affidavit of Mr. Rob Johnston attached hereto as Exhibit "4."  Any work encompassed by this invoice, including work done by Highland Renovation Corporation ("Plaintiff"), was completed prior to the end of June 2006. See Exhibit "4." Accordingly, any Miller Act claim for work done under Contract 212 had to be brought no later than June 30, 2007.  *See* 40 U.S.C. § 3133(b)(4); *Western Cas. & Sur. Co.,* 359 F.2d at 523; *Sloan Const. Co.,* 313 F.Supp.2d at 32.  By filing suit on October 22, 2007, the Plaintiff

failed to meet this jurisdictional prerequisite by four months. *See id.* Because the Plaintiff failed to meet this jurisdictional prerequisite for its claims under Contract 212, this Court lacks subject matter jurisdiction over those claims and they must be dismissed. *Gullard,* 504 F.2d at 468; *Western Cas. & Sur. Co.,* 359 F.2d at 523; *Bass,* 111 F.2d at 965; *CSH Contractors, Inc.,* 452 F.Supp. at 924.

11.     A true and correct copy of the last invoice submitted to the GSA for work done under Contract 221 is attached hereto as Exhibit "2." The date of this invoice is July 2006, and reflects a billing to the government for the last work done under Contract 221. See Affidavit of Mr. Rob Johnston attached hereto as Exhibit "4." Any work encompassed by this invoice, including work done by the Plaintiff, was completed prior to the end of July 2006. See Exhibit "4." Accordingly, any Miller Act claim for work done under Contract 221 had to be brought no later than July 31, 2007. *See* 40 U.S.C. § 3133(b)(4); *Western Cas. & Sur. Co.,* 359 F.2d at 523; *Sloan Const. Co.,* 313 F.Supp.2d at 32. By filing suit on October 22, 2007, the Plaintiff failed to meet this jurisdictional prerequisite by three months. *See id.* Because the Plaintiff failed to meet this jurisdictional prerequisite for its claims under Contract 221, this Court lacks subject matter jurisdiction over those claims and they must be dismissed. *Gullard,* 504 F.2d at 468; *Western Cas. & Sur. Co.,* 359 F.2d at 523; *Bass,* 111 F.2d at 965; *CSH Contractors, Inc.,* 452 F.Supp. at 924.

12.     A true and correct copy of Plaintiff's certified payroll for the period May 5, 2006 through August 25, 2006 regarding work done under Contract 166 is attached hereto as Exhibit "3." This certified payroll is taken from those provided by Plaintiff to MPSC. See Affidavit of Rob Johnston attached hereto as Exhibit "4." On page 5 of Exhibit 3 are references to work done by Plaintiff's employees on July 28, 2006. Based upon review of the certified payrolls submitted by Plaintiff to MPSC, this is the last date worked was performed by Plaintiff's employees under Contract 166. See Exhibit 4. *Assuming arguendo* that the work performed by Plaintiff's employees

5

on July 28, 2006 is part of Plaintiff's claim under Contract 166, any Miller Act claim for such work needed to be brought no later than July 29, 2007. *See* 40 U.S.C. § 3133(b)(4); *Western Cas. & Sur. Co.,* 359 F.2d at 523; *Sloan Const. Co.,* 313 F.Supp.2d at 32. By filing suit on October 22, 2007, the Plaintiff failed to meet this jurisdictional prerequisite by three months. *See id.* Because the Plaintiff failed to meet this jurisdictional prerequisite for its claims under Contract 166, this Court lacks subject matter jurisdiction over those claims and they must be dismissed. *Gullard,* 504 F.2d at 468; *Western Cas. & Sur. Co.,* 359 F.2d at 523; *Bass,* 111 F.2d at 965; *CSH Contractors, Inc.,* 452 F.Supp. at 924.

13.   The only cause of action the Plaintiff alleges in the instant case is a Miller Act claim for amounts allegedly unpaid under Contracts 212, 221, and 166. Since this Court lacks subject matter jurisdiction over every claim raised by Plaintiff in this case, this entire case must be dismissed pursuant to Rules 12(b)(1) and 12(h)(3) FED. R. CIV. P.

### C. Conclusion

14.   Accordingly, Defendant Hanover respectfully requests that this Court dismiss Plaintiff's entire case for lack of subject matter jurisdiction and for such other relief general and special, legal and equitable to which Hanover may be entitled.

.

Respectfully submitted,

/s/ Dawn C. Stewart
Dawn C. Stewart (DC Bar No. 458555)
STEWART & HENRY, PLLC
1050 Connecticut Ave., N.W.
Suite 1000
Washington, D.C. 20036
Telephone: (202) 772-1080
Facsimile: (202) 521-0616
e-mail: dstewart@stewarthenrylaw.com
*Counsel for Hanover Insurance Group, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 20th day of November, 2007, a copy of the foregoing Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction was sent, by HAND DELIVERY to:

James E. Pinkowski, Esq.
3900 University Drive, Suite 200
Fairfax, VA.
22030
*Counsel for Plaintiff, Highland Renovation Corporation*

 /s/ Dawn C. Stewart
Dawn Stewart

AutoOpen Stub Data

**Military Personnel Services Corporation**
6066 Leesburg Pike, 9th Floor
Falls Church, VA 22041

Invoice No. 061506-01J
**REVISED**

# INVOICE

**Customer**

| | | |
|---|---|---|
| Name | GSA FINANCE DIV (7BCP) | |
| Address | P.O. BOX 17181 | |
| City | FT. WORTH  State TX  ZIP 76102 | |
| Phone | | |

| | |
|---|---|
| Date | 06/20 |
| Order No. | See Below |
| Rep | Robert Johnston |
| FOB | |

| Hours | Description | Unit Price | TOTAL |
|---|---|---|---|
| | Provide labor and materials for ACHF | | |
| | Electrical - to include demolition, fabrication and installation of light fixtures. | $93,000.00 | $93,000.00 |
| | Drywall | $22,500.00 | $22,500.00 |
| | Old Post Office Pavillion, 1100 PA Ave Washington D.C. 20407 | | |
| | Order number GS-11-P-04-ZGC-0212 Req/Purch Req No. WPZ-04-1309 PDN PN4N03389 | | |

**Payment**

Cash
Check
Name  Credit Card
CC #

Expires

| | |
|---|---|
| SubTotal | $115,500.00 |
| Shipping & Handling | $0.00 |
| Taxes | |
| **TOTAL** | **$115,500.00** |

Office Use Only

THANK YOU FOR YOUR BUSINESS

Page 1

EXHIBIT 1

**Military Personnel Services Corporation**
6066 Leesburg Pike, 9th Floor
Falls Church, VA 22041

Invoice No. 072006-01J

# INVOICE

**Customer**

Name: GSA FINANCE DIV (7BCP)
Address: P.O. BOX 17181
City: FT. WORTH    State TX    ZIP 76102
Phone:

Date: 07/20
Order No.: See Below
Rep: Robert Johnston
FOB:

| Hours | Description | Unit Price | TOTAL |
|---|---|---|---|
| | Provide labor and materials for renovations of the 8th floor ACHP space<br><br>1% discount w/in 15 days<br><br>Old Post Office Pavillion, 1100 PA Ave NW, Washington D.C. 20407<br><br>Order number GS-11-P-04-ZGC-0221<br>Req/Purch Req No. WPZ-04-1309<br>PDN PN4N03389 | $59,730.00 | $59,730.00 |

SubTotal: $59,730.00
Shipping & Handling: $0.00
Taxes:
TOTAL: $59,730.00

**Payment**
Cash
Check
Credit Card
Name
CC #
Expires

Office Use Only

THANK YOU FOR YOUR BUSINESS

EXHIBIT 2

**Change Order**

**Highland Renovation Corp.**

P.O. Box 3088
Oakton, VA 22124
Phone (703-932-4331) Fax (540-349-3288)
(highlandreno@aol.com)

Date: November 1, 2006

RE: **Davis Bacon Change Order**

*Handwritten: Highland Certified Payroll attached.*

*Handwritten: May 5 thru August 25, 2006*

| Description of Work | Quantity NO: units | unit meas. | Material PER UNIT | SUBTOTAL | Labor PER UNIT | LABOR SUBTOTAL | ITEM TOTAL MAT + LAB SUBTOTAL | (LAB + BUR) AT 14% |
|---|---|---|---|---|---|---|---|---|
| No pricing included in our bid for Davis Bacon Wage | | | | | | | $ 23,658.74 | |

|  |  |  |
|---|---|---|
| Subtotal | $23,658.74 | |
| **General Conditions** | | |
| Subtotal | $ 23,658.74 | |
| Overhead (10%) | $ 2,365.87 | |
| Subtotal | $ 26,024.61 | |
| Profit (10%) | $ 2,602.46 | |
| Subtotal | $ 28,627.07 | $ 28,627.07 |
| Total | | $ 28,627.07 |

**EXHIBIT 3**

9-3-06

Page 1 of 7

# U.S. Department of Labor
Employment Standards Administration
Wage and Hour Division

## PAYROLL
(For Contractor's Optional Use; See Instructions, Form WH-347 Inst.)

Rev. April 2006
OMB No.: 1215-0149
Expires: 04/30/2009

Persons are not required to respond to the collection of information unless it displays a currently valid OMB control number.

NAME OF CONTRACTOR ☐ OR SUBCONTRACTOR ☒  HIGHLAND RENOVATION INC   ADDRESS  P.O. Box 3088 OAKTON VA 22124

PAYROLL NO.    FOR WEEK ENDING    PROJECT AND LOCATION  ACHP 9th FLOOR    PROJECT OR CONTRACT NO.

| (1) NAME, ADDRESS, AND SOCIAL SECURITY NUMBER OF EMPLOYEE | (2) NO. OF WITHHOLDING EXEMPTIONS | (3) WORK CLASSIFICATION | (4) DAY AND DATE / HOURS WORKED EACH DAY | (5) TOTAL HOURS | (6) RATE OF PAY | (7) GROSS AMOUNT EARNED | (8) DEDUCTIONS — FICA / WITHHOLDING TAX / OTHER / TOTAL DEDUCTIONS | (9) NET WAGES PAID FOR WEEK |
|---|---|---|---|---|---|---|---|---|
| See ATTACHED | | | O / S | | | | | |
| | | | O / S | | | | | |
| | | | O / S | | | | | |
| | | | O / S | | | | | |
| | | | O / S | | | | | |
| | | | O / S | | | | | |
| | | | O / S | | | | | |
| | | | O / S | | | | | |

The Copeland Act (40 U.S.C. 3145) requires contractors and subcontractors performing work on Federally financed or assisted construction contracts to "furnish weekly a statement with respect to the wages paid each employee during the preceding week." U.S. Department of Labor (DOL) Regulations 29 CFR Part 5.5(a)(3)(ii) require contractors to submit weekly a copy of all payrolls to the Federal agency contracting for or financing the construction project, accompanied by a signed "Statement of Compliance" indicating that the payrolls are correct and complete and that each laborer or mechanic has been paid not less than the proper Davis-Bacon prevailing wage rate for the work performed. Compliance with these requirements is mandatory. DOL and federal contracting agencies receiving this information review the information to determine that employees have received legally required wages and fringe benefits.

We estimate that it will take an average of 55 minutes to complete this collection of information, including time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding these estimates or any other aspect of this collection of information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, ESA, U. S. Department of Labor, Room S3502, 200 Constitution Avenue, N. W., Washington, D. C. 20210.

9-3-06
Page 2 of 7

Date 9-1-06

I, ROBERT L. HARPER, PRESIDENT
(Name of Signatory Party)                (Title)

do hereby state:

(1) That I pay or supervise the payment of the persons employed by
HIGHLAND RENOVATION CORP (Contractor or Subcontractor) on the
ACHP 8th Floor
(Building or Work); that during the payroll period commencing on the
05 day of MAY 2006, and ending the ___ day of N/A,
all persons employed on said project have been paid the full weekly wages earned, that no rebates have
been or will be made either directly or indirectly to or on behalf of said
Robert Harper Pres.
(Contractor or Subcontractor)
from the full
weekly wages earned by any person and that no deductions have been made either directly or indirectly
from the full wages earned by any person, other than permissible deductions as defined in Regulations, Part
3 (29 CFR Subtitle A), issued by the Secretary of Labor under the Copeland Act, as amended (48 Stat. 948,
63 Stat. 108, 72 Stat. 967, 76 Stat. 357; 40 U.S.C. 276c), and described below.

(2) That any payrolls otherwise under this contract required to be submitted for the above period are
correct and complete; that the wage rates for laborers or mechanics contained therein are not less than the
applicable wage rates contained in any wage determination incorporated into the contract; that the
classifications set forth therein for each laborer or mechanic conform with the work he performed.

(3) That any apprentices employed in the above period are duly registered in a bona fide
apprenticeship program registered with a State apprenticeship agency recognized by the Bureau of
Apprenticeship and Training, United States Department of Labor, of if no such recognized agency exists in a
State, are registered with the Bureau of Apprenticeship and Training, United States Department of Labor.

(4) That:

(a) WHERE FRINGE BENEFITS ARE PAID TO APPROVED PLANS, FUNDS, OR PROGRAMS

☐ – in addition to the basic hourly wage rates paid to each laborer or mechanic listed in
the above referenced payroll, payments of fringe benefits as listed in the contract
have been or will be made to appropriate programs for the benefit of such
employees, except as noted in Section 4(c) below.

(b) WHERE FRINGE BENEFITS ARE PAID IN CASH

☐ – Each laborer or mechanic listed in the above referenced payroll has been paid
as indicated on the payroll, an amount not less than the sum of the applicable
basic hourly wage rate plus the amount of the required fringe benefits as listed
in the contract, except as noted in Section 4(c) below.

(c) EXCEPTIONS

EXCEPTION (CRAFT)                EXPLANATION

REMARKS:

NAME AND TITLE                SIGNATURE
ROBERT L. HARPER PRES.    Robert Harper Pres.

THE WILLFUL FALSIFICATION OF ANY OF THE ABOVE STATEMENTS MAY SUBJECT THE CONTRACTOR OR
SUBCONTRACTOR TO CIVIL OR CRIMINAL PROSECUTION. SEE SECTION 1001 OF TITLE 18 AND SECTION 231 OF TITLE
31 OF THE UNITED STATES CODE.

*U.S. G.P.O.:1997 519-361

*9-3-06*
*Page 3 of 7*

| Paycheck date | Employer | Paycheck Amount | Wage (hourly) | Davis Bacon Wage (hourly) | Mon | Tue | Wed | Thur | Fri | Total Hours | Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/23/2006 | Moya Construction TAX ID 54-1931800 · 6906 Fern Lane Annandale, VA 22003 | $ 3,840.00 | | | | | | | | | |
| | mechanic 1 | | 24 | 28.28 | 8 | 8 | 8 | 8 | | 32 | |
| | mechanic 2 | | 24 | 28.28 | 8 | 8 | 8 | 8 | | 32 | |
| | mechanic 3 | | 24 | 28.28 | 8 | 8 | 8 | 8 | | 32 | |
| | mechanic 4 | | 24 | 28.28 | 8 | 8 | 8 | 8 | | 32 | |
| | mechanic 5 | | 24 | 28.28 | 8 | 8 | 8 | | | 24 | |
| | mechanic 6 | | 24 | 28.28 | | | 8 | | | 8 | |
| | | | | | | | | | | | $ 1,589.76 |
| 6/30/2006 | Moya Construction | $ 7,680.00 | | | | | | | | | |
| | mechanic 1 | | 24 | 28.28 | 8 | 8 | 8 | 8 | 8 | 40 | |
| | mechanic 2 | | 24 | 28.28 | 8 | 8 | 8 | 8 | 8 | 40 | |
| | mechanic 3 | | 24 | 28.28 | 8 | 8 | 8 | 8 | 8 | 40 | |
| | mechanic 4 | | 24 | 28.28 | 8 | 8 | 8 | 8 | 8 | 40 | |
| | mechanic 5 | | 24 | 28.28 | 8 | 8 | 8 | 8 | 8 | 40 | |
| | mechanic 6 | | 24 | 28.28 | 8 | 8 | 9 | 9 | 9 | 42 | |
| | mechanic 7 | | 24 | 28.28 | 8 | 8 | 9 | 9 | 8 | 42 | |
| | mechanic 8 | | 24 | 28.28 | | | 9 | 9 | 9 | 13 | |
| | mechanic 9 | | 24 | 28.28 | | | | 9 | 9 | 18 | |
| | | | | | | | | | | | $ 2,387.63 |
| 7/7/2006 | Moya Construction | $ 5,232.00 | | | | | | | | | |
| | mechanic 1 | | 24 | 28.28 | | | 9.5 | 8 | 8 | 25.5 | |
| | mechanic 2 | | 24 | 28.28 | | | 9.5 | 8 | 8 | 25.5 | |
| | mechanic 3 | | 24 | 28.28 | | | 9.5 | 8 | 8 | 25.5 | |
| | mechanic 4 | | 24 | 28.28 | | | 9.5 | 8 | 8 | 25.5 | |
| | mechanic 5 | | 24 | 28.28 | | | 8 | 8 | 8 | 24 | |
| | mechanic 6 | | 24 | 28.28 | | 8 | 8 | 8 | | 24 | |
| | mechanic 7 | | 24 | 28.28 | | 8 | 8 | 8 | | 24 | |
| | mechanic 8 | | 24 | 28.28 | | 8 | 8 | 8 | | 24 | |
| | mechanic 9 | | 24 | 28.28 | | 8 | 8 | 8 | | 24 | |
| | | | | | | | | | | | $ 933.04 |
| 7/14/2006 | Moya Construction | $ 9,216.00 | | | | | | | | | |
| | mechanic 1 | | 24 | 28.28 | 8 | 8 | 8 | 8 | 8 | 40 | |
| | mechanic 2 | | 24 | 28.28 | 8 | 8 | 8 | 8 | 8 | 40 | |
| | mechanic 3 | | 24 | 28.28 | 8 | 8 | 8 | 8 | 8 | 40 | |
| | mechanic 4 | | 24 | 28.28 | 8 | 8 | 8 | 8 | 8 | 40 | |
| | mechanic 5 | | 24 | 28.28 | 8 | 8 | 8 | 8 | 8 | 40 | |
| | mechanic 6 | | 24 | 28.28 | 8 | 8 | 8 | 8 | 8 | 40 | |
| | mechanic 7 | | 24 | 28.28 | 8 | 8 | 8 | 8 | 8 | 40 | |
| | mechanic 8 | | 24 | 28.28 | 4 | 8 | 8 | 8 | 8 | 40 | |
| | mechanic 9 | | 24 | 28.28 | 4 | 8 | 8 | 8 | 8 | 36 | |
| | mechanic 10 | | 24 | 28.28 | | 8 | 8 | 8 | 8 | 32 | |
| | | | | | | | | | | | $ 1,807.52 |
| 7/21/2006 | Moya Construction | $ 13,008.00 | | | | | | | | | |
| | mechanic 1 | | 24 | 28.28 | 8 | 8 | 11 | 11 | 9 | 47 | |

$ 6,517.00

9-3-06
Page 4 of 7

Highland

$5,537.36

| Date | Name | Rate | | | | | | | Total |
|---|---|---|---|---|---|---|---|---|---|
| | mechanic 2 | 24 | 28.28 | 8 | 8 | 11 | 11 | 9 | 47 | |
| | mechanic 3 | 24 | 28.28 | 8 | 8 | 11 | 11 | 9 | 47 | |
| | mechanic 4 | 24 | 28.28 | 8 | 8 | 11 | 11 | 9 | 47 | |
| | mechanic 5 | 24 | 28.28 | 8 | 8 | 11 | 11 | 9 | 47 | |
| | mechanic 6 | 24 | 28.28 | 8 | 8 | 11 | 11 | 9 | 47 | |
| | mechanic 7 | 24 | 28.28 | 8 | 8 | 11 | 11 | 9 | 47 | |
| | mechanic 8 | 24 | 28.28 | 8 | 8 | 11 | 11 | 8 | 47 | |
| | mechanic 9 | 24 | 28.28 | 8 | 8 | 11 | 11 | 9 | 47 | |
| | mechanic 10 | 24 | 28.28 | | 8 | 11 | 11 | 9 | 39 | |
| | mechanic 11 | 24 | 28.28 | | 9 | 11 | 11 | 9 | 40 | |
| | mechanic 12 | | | | 9 | 11 | 11 | 9 | 40 | $ 2,319.78 |
| 7/28/2006 | Moya Construction | $ 5,056.00 | | | | | | | | |
| | mechanic 1 | 24 | 28.28 | 8 | 8 | 8 | 8 | 8 | 40 | |
| | mechanic 2 | 24 | 28.28 | 8 | 8 | 8 | 8 | 8 | 40 | |
| | mechanic 3 | 24 | 28.28 | 8 | 8 | 8 | 8 | 8 | 40 | |
| | mechanic 4 | 24 | 28.28 | 6 | 6 | 6 | | | 24 | |
| | mechanic 5 | 24 | 28.28 | 6 | 6 | 6 | | | 24 | |
| | mechanic 6 | 24 | 28.28 | 8 | 8 | 8 | | | 24 | |
| | mechanic 7 | 24 | 28.28 | 8 | | | | | 8 | |
| | mechanic 8 | 24 | 28.28 | 8 | | | | | 8 | $ 826.24 |
| 8/4/2006 | Moya Construction | $2880.00/$5513.60 | | | | | | | | |
| | mechanic 1 | 28.28 | 28.28 | 8 | 8 | 8 | 8 | 8 | 40 | |
| | mechanic 2 | 28.28 | 28.28 | 8 | 8 | 8 | 8 | 8 | 40 | |
| | mechanic 3 | 28.28 | 28.28 | 8 | 8 | 8 | 8 | 8 | 40 | |
| 8/14/2006 | Moya Construction | $2880.00/$5513.60 | | | | | | | | |
| | mechanic 1 | 28.28 | 28.28 | 8 | 8 | 8 | 8 | 8 | 40 | |
| | mechanic 2 | 28.28 | 28.28 | 8 | 8 | 8 | 8 | 8 | 40 | |
| | mechanic 3 | 28.28 | 28.28 | 8 | 8 | 8 | 8 | 8 | 40 | |
| 8/18/2006 | Moya Construction | $2712.00/$5483.84 | | | | | | | | |
| | mechanic 1 | 28.28 | 28.28 | 10 | 8 | 8 | 7 | 8 | 41 | |
| | mechanic 2 | 28.28 | 28.28 | 10 | 6 | 8 | 7 | | 31 | |
| | mechanic 3 | 28.28 | 28.28 | | 8 | 8 | 7 | 8 | 31 | |
| 8/25/2006 | Moya Construction | $3816.00/$680.52 | | | | | | | | |
| | mechanic 1 | 28.28 | 28.28 | 8 | 8 | 8 | 8 | 8 | 40 | |
| | mechanic 2 | 28.28 | 28.28 | 8 | 8 | 8 | 8 | 8 | 40 | |
| | mechanic 3 | 28.28 | 28.28 | 8 | 8 | 8 | 8 | 8 | 40 | |
| | mechanic 4 | | | 8 | 8 | 8 | 7 | 8 | 31 | |
| | mechanic 5 | | | | | 8 | | | 8 | |
| | | $ 58,511.38 | | | | | | | | |

9-3-06
Page 5 of 7

Highlighted

| Date | Name/Address | | Amount | | | | | | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Michael Hughes ss#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  12202 Braxfield Ct. Apt 4 Rockville, MD 20852 | | | | | | | | | | |
| 6/30/2006 | Michael Hughes | $ | 500.00 | 25 | 28.28 | | 8 | 9 | | 4 | 20 | $ 65.60 |
| 7/7/2005 | Michael Hughes | $ | 1,100.00 | 25 | 28.28 | | 8 | 9 | | 9 | 44 | $ 144.32 |
| 7/14/2006 | Michael Hughes | $ | 1,012.50 | 25 | 28.28 | | 8.5 | 9 | | | 40.5 | $ 132.84 |
| 7/21/2006 | Michael Hughes | $ | 1,250.00 | 25 | 28.28 | | 10 | 10 | 10 | 10 | 50 | $ 164.00 |
| 7/27/2006 | Michael Hughes | $ | 1,025.00 | 25 | 28.28 | | 9 | | | | 41 | $ 134.48 |
| | | $ | 4,887.50 | | | | | | | | 195.5 | $ 641.24 |
| | Orangel Geovani Diaz ss#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  4535 Kendall Dr. Woodbridge, VA 22193 | | | | | | | | | | |
| 6/23/2006 | Orangel Geovani Diaz | $ | 360.00 | 20 | 28.28 | | 8 | 6 | | 2 | 18 | $ 149.04 |
| 7/7/2005 | Orangel Geovani Diaz | $ | 480.00 | 20 | 28.28 | | 8 | 8 | 8 | | 24 | $ 198.72 |
| 6/30/2006 | Orangel Geovani Diaz | $ | 480.00 | 20 | 28.20 | | 8 | 8 | 8 | | 24 | $ 198.72 |
| 7/14/2006 | Orangel Geovani Diaz | $ | 800.00 | 20 | 28.28 | | 10 | 10 | 10 | 10 | 40 | $ 331.20 |
| 7/21/2006 | Orangel Geovani Diaz | $ | 600.00 | 20 | 28.28 | | 8 | 8 | 8 | 6 | 30 | $ 248.40 |
| 7/21/2006 | Orangel Geovani Diaz | $ | 160.00 | (correction) | | | | | | | | |
| 7/28/2006 | Orangel Geovani Diaz | $ | 360.00 | (40 dollar correction) | 28.28 | | | | | | 16 | $ 92.48 |
| | | $ | 3,240.00 | | | | | | | | 152 | $ 1,218.56 |
| | Edgardo Diaz ss#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 4535 Kendall Dr. Woodbridge, VA 22193 | | | | | | | | | | |
| 6/16/2006 | Edgardo Diaz | $ | 360.00 | 20 | 28.28 | | | 9.5 | 8.5 | | 18 | $ 149.04 |
| 6/23/2006 | Edgardo Diaz | $ | 880.00 | 20 | 28.28 | | 8 | 8 | 8 | 8 | 40 | $ 331.20 |
| 6/30/2006 | Edgardo Diaz | $ | 800.00 | 20 | 28.28 | | 8 | 8 | 8 | 8 | 40 | $ 331.20 |
| 7/7/2006 | Edgardo Diaz | $ | 800.00 | 20 | 28.28 | | 8 | 8 | 8 | 8 | 40 | $ 331.20 |
| 7/14/2006 | Edgardo Diaz | $ | 800.00 | 20 | 28.28 | | 8 | 8 | 8 | 8 | 40 | $ 331.20 |
| 7/21/2006 | Edgardo Diaz | $ | 600.00 | 20 | 28.28 | | 8 | 8 | 8 | 6 | 30 | $ 248.40 |
| 7/21/2006 | Edgardo Diaz | $ | 160.00 | (correction) | | | | | | | | |
| 7/28/2006 | Edgardo Diaz | $ | 360.00 | (40 dollar correction) | 28.28 | | | | | | 16 | $ 92.48 |
| | | $ | 4,760.00 | | | | | | | | 224 | $ 1,814.72 |
| | Richard Taylor ss#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 3136 Brinkley Rd. Temple Hills, MD 20748 | | | | | | | | | | |
| 6/23/2006 | Richard Taylor | $ | 528.00 | 22 | 28.28 | | 8 | 6.5 | 8 | 9 | 35 | $ 461.80 |
| 6/29/2006 | Richard Taylor | $ | 880.00 | 22 | 28.28 | | 1.5 | 8 | 8 | 8 | 40 | $ 251.20 |
| 7/7/2006 | Richard Taylor | $ | 286.00 | 22 | 28.28 | | 9 | 8.5 | 7 | | 17 | $ 194.78 |
| 7/14/2006 | Richard Taylor | $ | 176.00 | 22 | 28.28 | | 8 | 7.5 | 7.5 | | 6 | $ 50.24 |
| | | $ | 1,870.00 | | | | | | | | 100 | $ 958.03 |
| | Solomon Endeshaw ss#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 351 P St Washington, D.C. 20003 | | | | | | | | | | |
| 5/5/2006 | Solomon Endeshaw | $ | 455.00 | 13 | 14.06 | | 7.5 | 8.5 | 7 | | 38.5 | $ 86.31 |
| 5/12/2006 | Solomon Endeshaw | $ | 494.00 | 13 | 14.06 | | 7.5 | 7.5 | 7.5 | | 38 | $ 40.23 |

$ 4,631.52

9-3-06
Page 6 of 7

| Date | Name | Rate | | Hours | | | | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 5/19/2006 | Solomon Endeshaw | $ | 507.00 | 13 | 14.06 | 6.5 | 8 | 7.5 | 8.5 | 30.5 | $ 78.17 |
| 5/25/2006 | Solomon Endeshaw | $ | 390.00 | 13 | 14.06 | | 8 | 7.5 | 7.5 | 23 | $ 66.62 |
| | | $ | 1,846.00 | | | | | | | 130 | $ 271.38 |
| | Carlos Roberto Marroquan | | | | | | | | | | |
| | ss#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   6712 Rhode Island Ave. N.E. Washington, D.C. 20031 | | | | | | | | | | |
| 5/5/2006 | Carlos Roberto Marroquan | $ | 112.50 | 15 | 28.28 | | | 7.5 | 8 | 15.5 | $ 325.84 |
| 5/12/2006 | Carlos Roberto Marroquan | $ | 607.50 | 15 | 28.28 | 7.5 | 8.5 | 8.5 | 8 | 32.5 | $ 498.00 |
| 1/8/1900 | Carlos Roberto Marroquan | $ | 607.50 | 15 | 28.28 | 8 | 8 | 8 | 8 | 40.5 | $ 311.60 |
| 5/25/2006 | Carlos Roberto Marroquan | $ | 562.50 | 15 | 28.28 | 7.5 | 7.5 | 7.5 | 7.5 | 37.5 | $ 537.84 |
| | | | | | | | | | 7.5 | | $ 498.00 |
| | | $ | 1,890.00 | | | | | | | 126 | $ 1,673.28 |
| | Mario Deleon ss#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 5075 Bellview Dr. Apt 202 Falls Church, VA 22041 | | | | | | | | | | |
| 5/19/2006 | Mario Deleon | $ | 487.50 | 15 | 28.28 | 7.5 | 8.5 | 8.5 | 8 | 32.5 | $ 431.60 |
| 5/26/2006 | Mario Deleon | $ | 562.50 | 15 | 28.28 | 7.5 | 7.5 | 7.5 | 7.5 | 37.5 | $ 498.00 |
| 6/2/2006 | Mario Deleon | $ | 450.00 | 15 | 28.28 | | 7.5 | 7.5 | 7.5 | 22.5 | $ 186.30 |
| 6/9/2006 | Mario Deleon | $ | 570.00 | 15 | 28.28 | 7.5 | 7.5 | 7.5 | 8 | 38 | $ 504.64 |
| 6/16/2006 | Mario Deleon | $ | 540.00 | 15 | 28.28 | 7.5 | 7.5 | 8.5 | 7.5 | 36 | $ 478.08 |
| | | $ | 2,610.00 | | | | | | | 166.5 | $ 2,098.62 |
| | Abel Celzada ss#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 6712 Rhode Island Ave. N.E. Washington, D.C. 20031 | | | | | | | | | | |
| 5/19/2006 | Abel Celzada | $ | 487.50 | 15 | 28.28 | 7.5 | 8.5 | 8.5 | 8 | 32.5 | $ 431.60 |
| 5/26/2006 | Abel Celzada | $ | 562.50 | 15 | 28.28 | 7.5 | 7.5 | 7.5 | 7.5 | 37.5 | $ 498.00 |
| 6/2/2006 | Abel Celzada | $ | 450.00 | 15 | 28.28 | 7.5 | 7.5 | 7.5 | 7.5 | 30 | $ 398.40 |
| 6/9/2006 | Abel Celzada | $ | 570.00 | 15 | 28.28 | 7.5 | 7.5 | 7.5 | 8 | 38 | $ 504.64 |
| 6/16/2006 | Abel Celzada | $ | 540.00 | 15 | 28.28 | 7.5 | 8.5 | 5 | 7.5 | 36 | $ 478.08 |
| | | $ | 2,610.00 | | | | | | | 174 | $ 2,310.72 |
| | Rudolph Harper ss#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 5829 Fisher Rd. #12 Temple Hills, MD 20748 | $390.00/$320.00 | | | | | | | | | |
| 7/7/2006 | Rudolph Harper | | | 20 | 28.28 | 8.5 | 1.5 | 8.5 | 9 | 35.5 | $ 293.94 |
| 7/13/2006 | Rudolph Harper | $ | 780.00 | 20 | 28.28 | 8 | 8 | 8 | 7 | 39 | $ 322.92 |
| | | | | | | | | | | 74.5 | $ 616.86 |

C.O. Ttl  $6,970.86   $23,658.74

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>FOR THE USE AND BENEFIT of the )<br>HIGHLAND RENVOVATION CORP. )<br>6705 Kelly Road )<br>Warrenton, VA. 20187 )<br>)<br>                **Plaintiff,** )<br>)<br>v. )<br>)<br>HANOVER INSURANCE GROUP )<br>d/b/a HANOVER INSURANCE COMPANY )<br>440 Lincoln Street )<br>Worcester, MA 01653, )<br>)<br>                **Defendant.** )<br>) | Case: 1:07-cv-01902<br>Assigned To: Roberts, Richard W.<br>Assign. Date: 10/22/2007<br>Description: Contract |

### AFFIDAVIT OF ROB JOHNSTON

COMMONWEALTH OF VIRGINIA  §
                          §
COUNTY OF FAIRFAX         §

    BEFORE ME, the undersigned authority, on this day personally appeared the undersigned affiant who, upon being duly sworn on oath, states as follows:

    My name is **ROB JOHNSTON.** I am over twenty-one (21) years of age, of sound mind, capable of making this affidavit and am fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein, and the statements made in this affidavit are true and correct. I am the Vice President for Construction and Environmental Programs for **MILITARY PERSONNEL SERVICES CORPORATION ("MPSC")**. In my capacity as Vice President for Construction and Environmental Programs for MPSC, I acquired the knowledge and information to which I attest in this affidavit.

    As Vice President for Construction and Environmental Programs for MPSC, part of my job duties included receiving, reviewing and processing all payrolls and other charges for work done on a federal construction project located at 1100 Pennsylvania Avenue, N.W., 8th Floor, Washington, D.C., also known as the Old Post Office Pavilion Project (the "Project"). MPSC entered into three contract with the General Services Administration ("GSA") regarding the Project. These were contract numbers GS-11P-04-ZG-C-0212 ("212"), GS-11P-04-ZG-C-0221 ("221") and GS-11P-06-ZG-C-0166 ("166"). I was responsible for administering these contracts. As part of these duties, I personally issued all invoices submitted to GSA under these three contracts.

**Exhibit "1"** to Defendant Hanover's Motion to Dismiss for Lack of Subject Matter Jurisdiction is a true and correct copy of the last invoice submitted to the GSA for work done under Contract 212. It is dated June 2006, and reflects a billing to the government for the last work performed under Contract 212. Any work encompassed by this invoice, including work done by Highland Renovation Corporation ("Plaintiff"), was completed prior to the end of June 2006.

**Exhibit "2"** to Defendant Hanover's Motion to Dismiss for Lack of Subject Matter Jurisdiction is a true and correct copy of the last invoice submitted to the GSA for work done under Contract 221. It is dated July 2006, and reflects a billing to the government for the last work performed under Contract 221. Any work encompassed by this invoice, including work done by the Plaintiff, was completed prior to the end of July 2006.

**Exhibit "3"** to Defendant Hanover's Motion to Dismiss for Lack of Subject Matter Jurisdiction is a true and correct copy of a certified payroll Plaintiff submitted to MPSC for work done for the Project under Contract 166. Based upon my review of certified payrolls Plaintiff submitted to MPSC for work done under Contract 166, page 5 of Exhibit 3 contains the entry for the last work Plaintiff did at the Project under this Contract. That record indicates that the final work done by Plaintiff at the Project under Contract 166 was performed on July 28, 2006 by Orangel Geovani Diaz and by Edgardo Diaz.

Further, affiant sayeth not.

_____
ROB JOHNSTON

SWORN AND SUBSCRIBED to before me, the undersigned notary public, on this the 16th day of _____Nov_____, 2007 to certify which witness my hand and seal of office.

_____
NOTARY PUBLIC, In and For
The Commonwealth of Virginia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>FOR THE USE AND BENEFIT of the )<br>HIGHLAND RENVOVATION CORP. )<br>6705 Kelly Road )<br>Warrenton, VA.  20187 )<br> )<br>              **Plaintiff,** )<br> )<br>     v. )<br> )<br>HANOVER INSURANCE GROUP )<br>d/b/a HANOVER INSURANCE COMPANY )<br>440 Lincoln Street )<br>Worcester, MA 01653, )<br> )<br>              **Defendant.** )<br> ) | Case:  1:07-cv-01902<br>Assigned To:  Roberts, Richard W.<br>Assign. Date:  10/22/2007<br>Description:  Contract |

**ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

Came on for consideration, the Motion to Dismiss for Lack of Subject Matter Jurisdiction by Defendant, Hanover Insurance Group, d/b/a Hanover Insurance Company ("Hanover").  After due consideration of all arguments and evidence submitted, this Court has determined that Defendant's Motion is meritorious.  Therefore, it is

ORDERED, ADJUDGED AND DECREED that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is hereby granted, and it is further,

ORDERED, ADJUDGED AND DECREED that Plaintiff's entire case is hereby dismissed with prejudice.

Signed this _____ day of _____, 20_____.

_____
United States District Judge