**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) <br> **FOR THE USE AND BENEFIT of the** ) <br> **HIGHLAND RENVOVATION CORP.** ) <br> 6705 Kelly Road ) <br> Warrenton, VA.  20187 ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **HANOVER INSURANCE GROUP** ) <br> **d/b/a HANOVER INSURANCE COMPANY** ) <br> 440 Lincoln Street ) <br> Worcester, MA 01653, ) <br> ) <br> **Defendant.** ) <br> ) | Case:  1:07-cv-01902 <br> Assigned To:  Roberts, Richard W. <br> Assign. Date:  10/22/2007 <br> Description:  Contract |

**DEFENDANT'S REPLY TO**
**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER**
**JURISDICTION**

Comes now Defendant, Hanover Insurance Group, d/b/a Hanover Insurance Company ("Hanover"), and files this its Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss For Lack of Subject Matter Jurisdiction.  Hanover reiterates its request that Plaintiff's Complaint in this case be dismissed for lack of subject matter jurisdiction for all of the reasons set forth in its Motion.

**A.  Argument**

1.      In addition, Plaintiff's case must be dismissed because the Plaintiff has failed to meet its burden of proof in response to Hanover's jurisdictional challenge.  In its Memorandum in Opposition, the Plaintiff argues, without citation to any legal precedent, that "punch list" work and

work by subcontractors extends or tolls the statute of limitations for its Miller Act claims.  Plaintiff is wrong.

2. In addition to Plaintiff's position being contrary to well settled law, Plaintiff attaches documents to its Memorandum in Opposition that are wholly irrelevant to Hanover's jurisdictional challenge.  For example, Exhibit A, attached to Plaintiff's Memorandum, contains certified payrolls for the work to which the Memorandum allegedly refers.  However, this Exhibit does not contain any references to work actually done by the Plaintiff:  only to work done by three of its subcontractors, Moya Construction, Virginia Cabinet Company, and Comfort Control, Inc.

3. Work by subcontractors is irrelevant to, and does not extend, the running of the statute of limitations on Plaintiff's Miller Act Claims.  *See* 40 U.S.C. § 3133(b)(4)(emphasis added); *United States for Use and Benefit of Statham Instruments, Inc. v. Western Cas. & Sur. Co.,* 359 F.2d 521, 523 (6th Cir. 1966); *Sloan Const. Co. v. American Renovation and Const. Co.,* 313 F.Supp.2d 24, 32 (D. Puerto Rico 2004).  A claim brought under the Miller Act pursuant to 40 U.S.C. § 3133, "must be brought no later than one year after the day on which the last of the labor was performed or material was supplied <u>by the person bringing the action</u>."  40 U.S.C. § 3133(b)(4)(emphasis added); *Western Cas. & Sur. Co.,* 359 F.2d at 523; *Sloan Const. Co.,* 313 F.Supp.2d at 32.  For a party suing under the Miller Act, the running of the statute of limitations begins when it provides the last of its labor or material, not when its subcontractors do.  *See United States for Use and Benefit of Weithman v. Buckeye Union Cas. Co.,* 207 F.Supp. 552, 554 (N.D. Ohio 1962).[1]

4. Equally insufficient and irrelevant is Plaintiff's argument regarding "punch list" work.  "Punch list" work is minor in nature and is not sufficient to extend a plaintiff's statute of

---

1 The *Weithman* case interprets a previous version of the Miller Act provision at issue.  The phrase at issue *Weithman* case was the more expansive, "by him," which was replaced by the phrase at issue herein: "by the person

2

limitations under the Miller Act. *United States for Use and Benefit of Lank Woodwork Co., Inc., v. CSH Contractors, Inc.,* 452 F.Supp. 922, 924 (D.D.C 1978). Again, the Plaintiff cites to no case law, but attaches Exhibit B, which seems to describe the "punch list" work to which the Memorandum refers. Among the tasks described in Exhibit B are repairing scratched tiles and pushing down carpet. Relevant case law makes clear, however, that such corrective or remedial work will not toll or extend the Miller Act's one year statute of limitations. *United State for the Use and Benefit of Corbett Technology Solutions, Inc. v. Safeco Ins. Co. of America,* 238 F.Supp.2d 168, 172-73 (D.D.C. 2002); *United States for the Use and Benefit of Circle-L-Electric Co. v. Hyde Construction Co., Inc.,* 255 F.Supp. 335, 341-42 (D.C. Okla. 1966).

5. Thus, Exhibits A and B to Plaintiff's Memorandum in Opposition do not support Plaintiff's arguments, but strengthen Hanover's jurisdictional challenge. These Exhibits not only prove that entities other than the Plaintiff did the work alleged, but illustrate that the work allegedly done is not the type which could legally extend the Miller Act's statute of limitations. Accordingly, Plaintiff's Memorandum in Opposition is legally and factually insufficient to defeat Hanover's jurisdictional challenge. This failure is fatal and compels dismissal of Plaintiff's case due to lack of subject matter jurisdiction.

6. Once jurisdiction is challenged by a defendant or by a Court, a plaintiff bears the burden of establishing that jurisdiction. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 2136 (1992); *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). A plaintiff must meet this burden by a preponderance of the evidence, *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed. Cir. 1988); *Alaska v. United States*, 32 Fed.Cl. 689, 695 (1995), *appeal dismissed*, 86 F.3d 1178 (Fed. Cir. 1996). A plaintiff does so by presenting

---

bringing the action."

relevant, competent proof. *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. at 189; *see also Land v. Dollar*, 330 U.S. 731, 735 (1947); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d at 747; *Catellus Development Corp. v. United States*, 31 Fed.Cl. 399, 404-05 (1994). Plaintiff, Highland, has failed to meet this burden of proof, because its Memorandum in Opposition contains nothing more than legally unsupported allegations and, at best, irrelevant evidence. Accordingly, Hanover's Motion to Dismiss must be granted.

### B.  Conclusion

7. Defendant Hanover respectfully reiterates its request that this Court dismiss Plaintiff's entire case for lack of subject matter jurisdiction and for such other relief general and special, legal and equitable to which Hanover may be entitled.

Respectfully submitted,

/s/ Dawn C. Stewart
Dawn C. Stewart
DC Bar No. 458555
Stewart & Henry, PLLC
1050 Connecticut Ave., N.W.
Suite 1000
Washington, DC  20036
(202) 772-1080 (phone)
(202) 521-0616 (fax)

*Counsel for Defendant, Hanover Insurance Group, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 10th day of December, 2007, a copy of the foregoing Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction was delivered by hand to:

> James E. Pinkowski, Esq.
> 3900 University Drive, Suite 200
> Fairfax, VA.
> 22030
> *Counsel for Plaintiff, Highland Renovation Corporation*

   /s/ Dawn C. Stewart_____
Dawn Stewart