UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> FOR THE USE AND BENEFIT of the ) <br> HIGHLAND RENOVATION CORP. ) <br> 6705 Kelly Road ) <br> Warrenton, VA 20187 ) <br> ) <br>           Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HANOVER INSURANCE GROUP ) <br> d/b/a HANOVER INSURANCE COMPANY ) <br> 440 Lincoln Street ) <br> Worcester, MA 01653 ) <br> ) <br>           Defendant. ) | Case: 1:07-cv-01902 <br> Assigned to: Roberts, Richard W. <br> Assign. Date: 10/22/2007 <br> Description: Contract |

**PLAINTIFF'S REBUTTAL MEMORANDUM IN
RESPONSE TO DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW, Plaintiff, United States of America for the Use and Benefit of Highland Renovation Corporation, and files this Rebuttal Memorandum in Response to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss.

**A.  PRELIMINARY STATEMENT**

Plaintiff's Opposition to Defendant's Motion to Dismiss interpreted Defendant's Motion as a Motion for Summary Judgment since matters outside of the pleadings were presented by Defendant to Support the Motion.

Plaintiff's Opposition was attempting to show there are material factual disputes regarding the date the Plaintiff last performed work and furnished supplies for the project covered by the contracts involved in this litigation, and whether the work and supplies performed were part of the original contract work to justify a date from which time would begin to run under the Miller Act.

It is Plaintiff's firm assertion that there are material factual disputes on those issues that warrant that Defendant's Motion be denied and this case should go forward to Trial. It is also Plaintiff's firm assertion and belief that this litigation was timely filed under the existing caselaw interpreting those issues.

## B. ARGUMENT

The cases cited by Defendant in Support of its Motion, and in the Reply to the Opposition filed by Plaintiff involve cases where Courts who have considered a Motion to Dismiss for failure to timely file pursuant to 40 U.S.C. § 3133 have treated such Motions as Summary Judgment Motions where matters outside of the pleadings were presented to the Court.

In the case of <u>Sloan Construction Company v. American Renovation and Construction Company</u>, 313 F.Supp.2d 24 (D. Puerto Rico 2004), cited by Defendant, the U.S. District Court in Puerto Rico treated a Motion to Dismiss, where the Motion was based upon grounds that the action being time barred as a Motion for Summary Judgment pursuant to Rule 56 of the Rules of Civil Procedure

because matters outside of the pleadings were presented in Support the Motion to Dismiss.

In the case of <u>United States of America for the Use and Benefit of Joseph T. Richardson, Inc. v. E.J.T. Construction Company, Inc. and Hydro-Mechanical Contractors, Inc.</u> a/k/a Hyrdro-Mechanical Co. and America Casualty Company, 453 F.Supp 435 (D.C. Del 1978), the U.S. District Court in Delaware treated a Motion to Dismiss, where the grounds of the Motion was that the action was time barred, as being a Summary Judgment Motion because the Court had to go outside of the pleadings in order to dispose of the Motion. In that case, the Motion to Dismiss was denied. The Court also held in that case that work of subcontractors could be used to compute the time under the Miller Act for the filing of suit.

In <u>United States of America for the Use and Benefit of Luis A. Cabrera v. Sun Engineering Enterprises, Inc.</u>, 817 F.Supp 1009 (D. Puerto Rico 1993), the District Court in Puerto Rico considered a Motion for Summary Judgment where a Statute of Limitations was argued. The Court held that there was a genuine issue or material facts regarding the date of full performance and the Motion to Dismiss could not be granted. The Court in that case also considered whether work being performed was merely corrective work or work as part of the original contract, and the Court said clearly work part of the original contract would extend the time to file a Miller Act lawsuit.

-3-

In our Opposition in Exhibits "A" and "B", there was clearly work that was not merely corrective work, but was work that was part of the original scope of the contract. Carpentry was being performed, Track Lights were being relocated, Closet doors were being replaced, Carpet was being installed, Diffusers were being replaced, parts of light fixtures were being installed, Thermostats were being installed and painting was being completed. All of that work was part of the original contract and not merely corrective work.

In United States of America for the Use and Benefit of Corbett Technology Solutions, Inc. v. Safero Insurance Company, 238 F.Supp.2d 168 (D.D.C. 2002), this Court in the District of Columbia would not grant Summary Judgment because there were material issues of fact pertinent to the resolution of the matter as to when work was last performed on the project for Miller Act purposes.

Finally, in G.E.Supply v. C & G Enterprises, Inc., 212 F.3d 14 (1st Cir.2000), the U.S. Court of Appeals for the First Circuit found a claim timely filed under the Miller Act for supplies delivered to a project. The Court in finding a timely filing for the Miller Act said on Page 18 as follows:

> ... This approach is consonant with the purposes of Miller Act and the courts' duty to contrue its terms liberally. See Trane, 406 F.2d at 283 (Kaufman, J., dissenting); General Elec., 383 F.2d at 138-39. To the extent that the Miller Act seeks to protect contractors by establishing strict deadlines, that objective "must take a back seat to the purpose of the overall statute, which is to provide recovery to suppliers who have provided materials but not received compensation." Water Works, 131 F.3d at 34

(citing <u>Noland Co. v. Allied Contractors, Inc.</u>, 273 F.2d 917, 920-21 (4th Cir.1959) (interpreting § 270b(a))......

## C. CONCLUSION

For all the foregoing reasons and reasons set forth in Plaintiff's Opposition, Defendant's Motion to Dismiss should be denied.

Respectfully Submitted,

By: _____
James E. Pinkowski, Esquire
Bar No.: 377092
3900 University Drive, Suite 200
Fairfax, VA 22030
(703) 385-0060
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Rebuttal Memorandum in Response to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss was mailed, postage prepaid, this _____ day of December 2007 to:

Dawn C. Stewart, Esquire
Stewart & Henry, PLLC
3900 University Drive
Fairfax, VA 22030

_____
James E. Pinkowski