UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>FOR THE USE AND BENEFIT of the )<br>HIGHLAND RENVOVATION CORP. )<br> )<br> )<br>**Plaintiff,** )<br> )<br>v. )<br> )<br>HANOVER INSURANCE GROUP )<br>d/b/a HANOVER INSURANCE COMPANY, )<br> )<br> )<br>**Defendant.** )<br> ) | Case: 1:07-cv-01902<br>Assigned To: Roberts, Richard W.<br>Assign. Date: 10/22/2007<br>Description: Contract |

**DEFENDANT'S MOTION TO STRIKE**
**AND FOR SANCTIONS**

Comes now Defendant, Hanover Insurance Group, d/b/a Hanover Insurance Company ("Hanover"), and respectfully requests that this Court strike Plaintiff's Rebuttal Memorandum in Response to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss (Plaintiff's Response is hereinafter referred to as the "Surreply"), and that this Court impose sanctions on the Plaintiff for its bad faith, frivolous filing.

**Motion to Strike**

1.      This Court should strike Plaintiff's Surreply because it was filed unsigned in violation of Rule 11(a) FED. R. CIV. P.[1]  Under Rule 11(a) FED. R. CIV. P., unsigned pleadings should be stricken unless the omission is corrected promptly after being called to the attention of the offending attorney.  Even if Plaintiff's counsel corrects his omission, the Surreply should be stricken because neither the Federal Rules nor the local rules allow for the filing of pleadings beyond a reply, and

---

[1] The Certificate of Service was also unsigned and not dated.

because the Plaintiff did not first seek leave of Court before filing this unauthorized and improper pleading. Moreover, any Motion for Leave to File should be denied because Defendant did not raise new arguments in its Reply, but merely responded to the arguments raised by Plaintiff in its opposition. *See*, *Flynn v. Veasy Constr. Corp.*, 310 F.Supp.2d. 186, 189 (D.D.C. 2004).

### Motion for Sanctions

2. Plaintiff should be sanctioned for filing its Surreply because it violates Rule 11(b) FED. R. CIV. P. The Surreply was clearly presented only to mislead and confuse. Thus, it was filed for an improper purpose. Further, the claims and legal contentions made in the Surreply are not warranted by existing law or an extension of that law, and do not have evidentiary support.

3. For example, Plaintiff's Surreply improperly argues that Defendant's Rule 12(b)(1) FED. R. CIV. P. motion should be evaluated as a motion for summary judgment, because Defendant's motion contains evidence outside the pleadings. Plaintiff's argument is without legal support and is contrary to the clear state of the law. In resolving a question of subject matter jurisdiction under Rule 12(b)(1) FED. R. CIV. P., a district court can refer to evidence outside the pleadings. *Luckett v. Bure,* 290 F.3d 493, 496-97 ((2d Cir. 2002); *Gonzalez v. U.S.,* 284 F.3d 281, 288 (1st Cir. 2002). Unlike a 12(b)(6) motion, the attachment of exhibits to a 12(b)(1) motion does not convert it to a Rule 56 motion for summary judgment. *Gonzalez*, 284 F.3d at 288. Plaintiff's attempt to mislead this Court on the standard by which Hanover's motion should be evaluated demonstrates bad faith.

4. Plaintiff's Surreply also contains arguments that either are the product of a failure to review the cases cited or are simply intellectually dishonest, as they are without legal support. For example, the Plaintiff argues that subcontractor work can be used to extend the Miller Act's statute of limitations. This is false. In support of this position, Plaintiff cites to the case of *United States for Use and Benefit of Joseph T. Richardson, Inc. v. E.J.T. Constr. Co., Inc.,* 453 F.Supp. 435 (D.C.

2

Del. 1978). However, Plaintiff fails to note that the *Richardson* case does not interpret the version of the Miller Act applicable to this cause of action: *Richardson* interprets an earlier, repealed version of the Act with different language controlling its statute of limitations.

     5.     The version of the Miller Act at issue in this case is 40 U.S.C. § 3133 which states that all actions under it, "must be brought no later than one year after the day on which the last of the labor was performed or material was supplied <u>by the person bringing the action</u>." 40 U.S.C. §3133(b)(4)(emphasis added). The statute under consideration in *Richardson* was the now repealed 40 U.S.C. §270b(b), which states in pertinent part that "no such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied <u>by him</u> (emphasis added). The "by him" phrase in the previous iteration of the Miller Act's statute of limitations is subject to a broader interpretation than the current Act's controlling language. Further, neither the Plaintiff nor the Defendant have found a case interpreting the Miller Act's current language as being expanded beyond its clear terms—its one year statute of limitations is measured from the last day labor or material was provided "by the person bringing the action," not by anyone else. Plaintiff's argument that this Court should follow a case interpreting a repealed statute is bad faith in the extreme.

     6.     Finally, the Plaintiff reiterates its previous, unsupported factual assertions about the alleged work at issue. These conclusory statements are insufficient to meet Plaintiff's burden of proof in response to Hanover's jurisdictional challenge. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 2136 (1992); *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed. Cir. 1988); *Alaska v. United States*, 32 Fed.Cl. 689, 695 (1995), *appeal dismissed*, 86 F.3d 1178 (Fed. Cir. 1996).

7. Plaintiff's conclusory assertions are not only legally insufficient, they are irrelevant. Remedial work such as "track lights . . . being relocated," will not toll or extend the Miller Act's statute of limitations. *United State for the Use and Benefit of Corbett Technology Solutions, Inc. v. Safeco Ins. Co. of America,* 238 F.Supp.2d 168, 172-73 (D.D.C. 2002); *United States for Use and Benefit of Lank Woodwork Co., Inc., v. CSH Contractors, Inc.,* 452 F.Supp. 922, 924 (D.D.C 1978); *United States for the Use and Benefit of Circle-L-Electric Co. v. Hyde Construction Co., Inc.,* 255 F.Supp. 335, 341-42 (D.C. Okla. 1966). Further, work by subcontractors will not extend or toll Plaintiff's statute of limitations in the instant action. *See* 40 U.S.C. § 3133(b)(4)(emphasis added); *United States for Use and Benefit of Statham Instruments, Inc. v. Western Cas. & Sur. Co.,* 359 F.2d 521, 523 (6th Cir. 1966); *Sloan Const. Co. v. American Renovation and Const. Co.,* 313 F.Supp.2d 24, 32 (D. Puerto Rico 2004).

## Conclusion

8. Defendant Hanover respectfully requests that this Court strike Plaintiff's Surreply because it was improperly filed. Hanover asks further that sanctions be imposed upon Plaintiff because its Surreply is an improper pleading that is filed with frivolous legal arguments and unsupported factual conclusions. Finally, Hanover reiterates its request that this Court dismiss Plaintiff's entire case for lack of subject matter jurisdiction and for such other relief general and special, legal and equitable to which Hanover may be entitled.

Respectfully submitted,


/s/ Dawn C. Stewart
Dawn C. Stewart
DC Bar No. 458555
Stewart & Henry, PLLC
1050 Connecticut Ave., N.W.
Suite 1000
Washington, DC  20036
(202) 772-1080 (phone)
(202) 521-0616 (fax)

*Counsel for Defendant, Hanover Insurance Group, Inc.*


**CERTIFICATE OF SERVICE**

I hereby certify that, on this 14th day of December, 2007, a copy of the foregoing Defendant's Motion to Strike and for Sanctions was sent, by first class mail, postage prepaid, and/or served electronically to:

James E. Pinkowski, Esq.
3900 University Drive, Suite 200
Fairfax, VA.
22030
*Counsel for Plaintiff, Highland Renovation Corporation*


  /s/ Dawn C. Stewart
Dawn Stewart

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>FOR THE USE AND BENEFIT of the )<br>HIGHLAND RENVOVATION CORP. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HANOVER INSURANCE GROUP )<br>d/b/a HANOVER INSURANCE COMPANY )<br>)<br>Defendant. )<br>) | Case:  1:07-cv-01902<br>Assigned To:  Roberts, Richard W.<br>Assign. Date:  10/22/2007<br>Description:  Contract |

**ORDER GRANTING**
**DEFENDANT'S MOTION TO STRIKE AND FOR SANCTIONS**

Came on for consideration, the Motion to Strike Plaintiff's Surreply and for Sanctions by Defendant, Hanover Insurance Group, d/b/a Hanover Insurance Company ("Hanover").  After due consideration of all arguments and evidence submitted, this Court has determined that Defendant's Motion is meritorious.  Therefore, it is

ORDERED, ADJUDGED AND DECREED that Defendant's Motion to Strike Plaintiff's Surreply and for Sanctions is hereby granted, and it is further,

ORDERED, ADJUDGED AND DECREED that Plaintiff's Surreply will not be considered by the Court and will be striken from the record and that the following sanctions will be imposed _____.

Signed this _____ day of _____, 20_____.

_____
United States District Judge