UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| FOR THE USE AND BENEFIT of the | ) | |
| HIGHLAND RENOVATION CORP. | ) | |
| 6705 Kelly Road | ) | |
| Warrenton, VA 20187 | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:07-cv-01902 |
| | ) | Assigned to: Roberts, Richard W. |
| v. | ) | Assign. Date: 10/22/2007 |
| | ) | Description: Contract |
| HANOVER INSURANCE GROUP | ) | |
| d/b/a HANOVER INSURANCE COMPANY | ) | |
| 440 Lincoln Street | ) | |
| Worcester, MA 01653 | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO STRIKE AND FOR SANCTIONS
AND PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY**

COMES NOW, Plaintiff, United States of America for the Use and Benefit of

Highland Renovation Corporation, by and through Counsel, and in Opposition to

Defendant's Motion to Strike and for Sanctions, and for its Motion for Leave to File

a Sur-Reply states as follows:

1.    Plaintiff's Counsel never received a copy of Defendant's Motion to

Strike either by mail or electronically from Defendant's Counsel as alleged in the

Certificate of Service.  Plaintiff's Counsel retrieved the Motion from the U.S. District

Court's Website on the evening of December 18, 2007, and promptly took action to address the matters raised in the Motion.

2.    As concerns the signing of the Sur-Reply, titled as Plaintiff's Rebuttal Memorandum in Response to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss.  Plaintiff's Counsel signed the Sur-Reply served on Defendant's Counsel.  However, the Administrative Staff in Plaintiff's Counsel's office inadvertently transmitted a copy electronically to the Court which did not indicate that the original was signed.  It was an honest omission and not intentional. A signed Sur-Reply has now been filed with the Court simultaneous with this filing.

3.    Rule 11(a) Fed. R. Civ. P. does permit a late signing if corrected promptly after being brought to the attention of the Attorney.  The omission was first learned of on the evening of December 19, 2007.  We would submit that the correction is timely under Rule 11(a).

4.    A Motion for Leave to File a Sur-Reply and Proposed Order are attached as Exhibit "A" hereto and by reference incorporated herein.

5.    The Court's decision to grant or deny leave to file a Sur-Reply is committed to the sound discretion of the Court.  Granting leave to file a Sur-Reply is generally allowed when the reply to the Non-Moving Party's Opposition raises arguments for the first time in the reply that would not allow the Non-Moving Party the opportunity to respond.  Flynn v. Veazey Const. Corp., 310 F. Supp.2d 186 (D.D.C. 2004).

6.      The Defendant's reply to Plaintiff's Opposition to Defendant's Motion to Dismiss raised for the first time the issue that subcontractor work does not extend the time for filing a Miller Act Lawsuit.  (Paragraph 3 of Defendant's Reply)

7.      The Defendant's reply to Plaintiff's Opposition to the Defendant's Motion to Dismiss also raised for the first time that punch list work would not extend the time to file a Miller Act Lawsuit.  (Paragraph 4 of Defendant's Reply)

8.      Defendant's reply to Plaintiff's Opposition to Defendant's Motion to Dismiss further asked for the authority relied upon by Plaintiff for matters included in the Opposition.

9.      If the Sur-Reply is not allowed, Plaintiff would be prejudiced by being unable to contest these new positions taken by Defendant in its Reply to Defendant's Opposition to the Motion to Dismiss.  Courts will in the interests of justice and fairness permit a Sur-Reply to be filed in such circumstances.  Ben-Kotel v. Howard University, 319 F.3d 532 (D.C. Cir. 2003) and Lewis v. Runsfeld, 154 F. Supp.2d 56, 61 (D.C.C. 2001).

10.     In the interests of Justice and Fairness, Plaintiff should be allowed to file a Sur-Reply to Defendant's Motion to Dismiss.

## **CONCLUSION**

For all of the foregoing reasons, Defendant's Motion to Strike and for Sanctions should be denied, and Plaintiff's Motion for Leave to File a Sur-Reply granted.

-3-

Respectfully Submitted,


By:(s)James E. Pinkowski_____
James E. Pinkowski, Esquire
Bar No.: 377092
3900 University Drive, Suite 200
Fairfax, VA 22030
(703) 385-0060
*Counsel for Plaintiff*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Memorandum in Opposition to Defendant's Motion to Strike and for Sanctions and Motion for Leave to File a Sur-Reply  was mailed, postage prepaid, this 20th day of December 2007 to:

Dawn C. Stewart, Esquire
Stewart & Henry, PLLC
3900 University Drive
Fairfax, VA 22030


By:(s) James E. Pinkowski_____
James E. Pinkowski

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
UNITED STATES OF AMERICA                    )
FOR THE USE AND BENEFIT of the              )
HIGHLAND RENOVATION CORP.                    )
6705 Kelly Road                              )
Warrenton, VA 20187                          )
                                             )
                    Plaintiff,               )   Case: 1:07-cv-01902
                                             )   Assigned to: Roberts, Richard W.
           v.                                )   Assign. Date: 10/22/2007
                                             )   Description: Contract
HANOVER INSURANCE GROUP                      )
d/b/a HANOVER INSURANCE COMPANY )
440 Lincoln Street                           )
Worcester, MA 01653                          )
                                             )
                    Defendant.               )


**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUR-REPLY**


COMES NOW, Plaintiff, United States of America for the Use and Benefit

of Highland Renovation Corporation, by and through Counsel, and moves the

Court for Leave to file a Sur-Reply to Defendant's Motion to Dismiss based upon

the Memorandum of Points and Authorities to which this Motion is attached.

Respectfully Submitted,


By:(s)<u>James E. Pinkowski</u>
      James E. Pinkowski, Esquire
      Bar No.: 377092
      3900 University Drive, Suite 200
      Fairfax, VA 22030
      (703) 385-0060
      *Counsel for Plaintiff*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Motion for Leave to File a Sur-Reply  was mailed, postage prepaid, this 20th day of December 2007 to:

Dawn C. Stewart, Esquire
Stewart & Henry, PLLC
3900 University Drive
Fairfax, VA 22030


By:(s) <u>James E. Pinkowski</u>
      James E. Pinkowski

-7-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
UNITED STATES OF AMERICA            )
FOR THE USE AND BENEFIT of the      )
HIGHLAND RENOVATION CORP.           )
6705 Kelly Road                     )
Warrenton, VA 20187                 )
                                    )
                Plaintiff,          )    Case: 1:07-cv-01902
                                    )    Assigned to: Roberts, Richard W.
         v.                         )    Assign. Date: 10/22/2007
                                    )    Description: Contract
HANOVER INSURANCE GROUP             )
d/b/a HANOVER INSURANCE COMPANY     )
440 Lincoln Street                  )
Worcester, MA 01653                 )
                                    )
                Defendant.          )


**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE
TO FILE A SUR-REPLY TO DEFENDANT'S MOTION TO DISMISS**

This matter comes before the Court upon Plaintiff's Motion for Leave to

File a Sur-Reply to Defendant's Motion to Dismiss.  After due consideration of all

arguments and evidence submitted, this Court believes that Plaintiff's Motion

should be granted.  It is therefore

ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for Leave

to File a Sur-Reply to Defendant's Motion to Dismiss is hereby granted.

ENTERED this _____ day of _____, 200__.


_____
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| FOR THE USE AND BENEFIT of the | ) | |
| HIGHLAND RENOVATION CORP. | ) | |
| 6705 Kelly Road | ) | |
| Warrenton, VA 20187 | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:07-cv-01902 |
| | ) | Assigned to: Roberts, Richard W. |
| v. | ) | Assign. Date: 10/22/2007 |
| | ) | Description: Contract |
| HANOVER INSURANCE GROUP | ) | |
| d/b/a HANOVER INSURANCE COMPANY | ) | |
| 440 Lincoln Street | ) | |
| Worcester, MA 01653 | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REBUTTAL MEMORANDUM IN
RESPONSE TO DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

COMES NOW, Plaintiff, United States of America for the Use and Benefit

of Highland Renovation Corporation, and files this Rebuttal Memorandum in

Response to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to

Dismiss.

**A.  PRELIMINARY STATEMENT**

Plaintiff's Opposition to Defendant's Motion to Dismiss interpreted

Defendant's Motion as a Motion for Summary Judgment since matters outside of

the pleadings were presented by Defendant to Support the Motion.

Plaintiff's Opposition was attempting to show there are material factual disputes regarding the date the Plaintiff last performed work and furnished supplies for the project covered by the contracts involved in this litigation, and whether the work and supplies performed were part of the original contract work to justify a date from which time would begin to run under the Miller Act.

It is Plaintiff's firm assertion that there are material factual disputes on those issues that warrant that Defendant's Motion be denied and this case should go forward to Trial.  It is also Plaintiff's firm assertion and belief that this litigation was timely filed under the existing caselaw interpreting those issues.

## B.  ARGUMENT

The cases cited by Defendant in Support of its Motion, and in the Reply to the Opposition filed by Plaintiff involve cases where Courts who have considered a Motion to Dismiss for failure to timely file pursuant to 40 U.S.C. § 3133 have treated such Motions as Summary Judgment Motions where matters outside of the pleadings were presented to the Court.

In the case of Sloan Construction Company v. American Renovation and Construction Company, 313 F.Supp.2d 24 (D. Puerto Rico 2004), cited by Defendant, the U.S. District Court in Puerto Rico treated a Motion to Dismiss, where the Motion was based upon grounds that the action being time barred as a Motion for Summary Judgment pursuant to Rule 56 of the Rules of Civil

Procedure because matters outside of the pleadings were presented in Support the Motion to Dismiss.

In the case of <u>United States of America for the Use and Benefit of Joseph T. Richardson, Inc. v. E.J.T. Construction Company, Inc. and Hydro-Mechanical Contractors, Inc.</u> a/k/a Hyrdro-Mechanical Co. and America Casualty Company, 453 F.Supp 435 (D.C. Del 1978), the U.S. District Court in Delaware treated a Motion to Dismiss, where the grounds of the Motion was that the action was time barred, as being a Summary Judgment Motion because the Court had to go outside of the pleadings in order to dispose of the Motion. In that case, the Motion to Dismiss was denied. The Court also held in that case that work of subcontractors could be used to compute the time under the Miller Act for the filing of suit.

In <u>United States of America for the Use and Benefit of Luis A. Cabrera v. Sun Engineering Enterprises, Inc.</u>, 817 F.Supp 1009 (D. Puerto Rico 1993), the District Court in Puerto Rico considered a Motion for Summary Judgment where a Statute of Limitations was argued. The Court held that there was a genuine issue or material facts regarding the date of full performance and the Motion to Dismiss could not be granted. The Court in that case also considered whether work being performed was merely corrective work or work as part of the original contract, and the Court said clearly work part of the original contract would extend the time to file a Miller Act lawsuit.

-12-

In our Opposition in Exhibits "A" and "B", there was clearly work that was not merely corrective work, but was work that was part of the original scope of the contract. Carpentry was being performed, Track Lights were being relocated, Closet doors were being replaced, Carpet was being installed, Diffusers were being replaced, parts of light fixtures were being installed, Thermostats were being installed and painting was being completed. All of that work was part of the original contract and not merely corrective work.

In <u>United States of America for the Use and Benefit of Corbett Technology Solutions, Inc. v. Safero Insurance Company</u>, 238 F.Supp.2d 168 (D.D.C. 2002), this Court in the District of Columbia would not grant Summary Judgment because there were material issues of fact pertinent to the resolution of the matter as to when work was last performed on the project for Miller Act purposes.

Finally, in <u>G.E.Supply v. C & G Enterprises, Inc.</u>, 212 F.3d 14 (1st Cir.2000), the U.S. Court of Appeals for the First Circuit found a claim timely filed under the Miller Act for supplies delivered to a project. The Court in finding a timely filing for the Miller Act said on Page 18 as follows:

> ... This approach is consonant with the purposes of Miller Act and the courts' duty to contrue its terms liberally. See <u>Trane</u>, 406 F.2d at 283 (Kaufman, J., dissenting); <u>General Elec.</u>, 383 F.2d at 138-39. To the extent that the Miller Act seeks to protect contractors by establishing strict deadlines, that objective "must take a back seat to the purpose of the overall statute, which is

to provide recovery to suppliers who have provided materials but not received compensation." <u>Water Works</u>, 131 F.3d at 34 (citing <u>Noland Co. v. Allied Contractors, Inc.</u>, 273 F.2d 917, 920-21 (4th Cir.1959) (interpreting § 270b(a))......

## C.  CONCLUSION

For all the foregoing reasons and reasons set forth in Plaintiff's

Opposition, Defendant's Motion to Dismiss should be denied.

Respectfully Submitted,


By:(s)<u>James E. Pinkowski            </u>
James E. Pinkowski, Esquire
Bar No.: 377092
3900 University Drive, Suite 200
Fairfax, VA 22030
(703) 385-0060
*Counsel for Plaintiff*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Rebuttal Memorandum in Response to Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss was mailed, postage prepaid, this 20th day of December 2007 to:

Dawn C. Stewart, Esquire
Stewart & Henry, PLLC
3900 University Drive
Fairfax, VA 22030


By:(s) <u>James E. Pinkowski            </u>
James E. Pinkowski


-14-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

UNITED STATES OF AMERICA    )
FOR THE USE AND BENEFIT of the    )
HIGHLAND RENOVATION CORP.    )
6705 Kelly Road    )
Warrenton, VA 20187    )
    )
        Plaintiff,    )    Case: 1:07-cv-01902
    )    Assigned to: Roberts, Richard W.
    v.    )    Assign. Date: 10/22/2007
    )    Description: Contract
HANOVER INSURANCE GROUP    )
d/b/a HANOVER INSURANCE COMPANY )
440 Lincoln Street    )
Worcester, MA 01653    )
    )
        Defendant.    )

### ORDER DENYING DEFENDANT'S
### MOTION TO STRIKE AND FOR SANCTIONS

Came on for consideration, the Motion to Strike Plaintiff's Sur-Reply and for

Sanctions by Defendant, Hanover Insurance Group d/b/a Hanover Insurance

Company ("Hanover"). After due consideration of all arguments and evidence

submitted, this Court has determined that Defendant's Motion should be denied.

Therefore, it is

ORDERED, ADJUDGED AND DECREED that Defendant's Motion to Strike

Plaintiff's Sur-Reply and for Sanctions is hereby denied.

-15-

SIGNED this _____ day of _____, 200__.


_____
United States District Judge