UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA
FOR THE USE AND BENEFIT of the
HIGHLAND RENOVATION CORP.,**

    **Plaintiff,**

    v.                                        Civil Action No. 07-1902 (RWR/JMF)

**HANOVER INSURANCE GROUP
d/b/a HANOVER INSURANCE CO.,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This case was referred to me for full case management. Currently pending and ready for resolution are the following motions <u>Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Points and Authorities</u> ("Defs. Mot.") [#3].

## BACKGROUND

On June 30, 2004, November 19, 2004, and April 26, 2006, the General Services Administration ("GSA") entered into contracts with the Military Personnel Services Corp. ("MPSC") to renovate the Old Post Office Pavilion, a property located in Washington, D.C. Complaint ("Compl.") ¶ 5. On June 20, 2006, MPSC entered into a subcontract with Highland to perform the work covered by the three GSA contracts. Compl. ¶ 6. As mandated by the Miller Act, 40 U.S.C. § 3133,[1] and in order to secure its payment obligations for the project, MPSC supplied payment bonds for each of the contracts. Compl. ¶ 7. Hanover issued these payment bonds. Compl. ¶ 7. During the

---

[1] All references to the United States Code are to the electronic versions that appear in Westlaw or Lexis.

course of the project, GSA directed Highland to perform additional work and Highland did so. Compl. ¶¶ 9, 10. According to Highland, MPSC refuses to pay Highland for this additional work. Compl. ¶ 12. As a result, Highland provided notice of its claim to Hanover, MPSC's surety. Compl. ¶ 13. Subsequently, on October 22, 2007, Highland, as relator, brought suit against Hanover under the Miller Act, 40 U.S.C. § 3133. Compl. ¶¶ 1, 19.

## DISCUSSION

I.      Standard of Review

Defendant moves to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. In considering such a motion, the court may consider matters outside the pleadings without converting the motion into one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Jerome Stevens Pharm., Inc. v. Food & Drug Admin., 402 F.2d 1249, 1253 (D.C. Cir. 2005) ("the District Court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction"); Coal. for Underground Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003) ("'[W]here necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'") (internal citations omitted). Although in reviewing a motion to dismiss the court must draw all favorable inferences in plaintiff's favor, "it remains plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence." Hsieh v. Consol. Eng'g Servs., Inc., --- F. Supp. 2d. ---, 2008 WL 3090057, at *12 (D.D.C. Aug. 7, 2008) (citing Am. Farm Bureau v. Envtl. Prot. Agency, 121 F. Supp. 2d 84, 90 (D.D.C. 2000)).

II.    Analysis

The Miller Act, 40 U.S.C. § 3133, was enacted for the purpose of "'protect[ing] those who furnish labor and materials for public construction and to ensure that they will be paid for the same.'" St. Paul-Mercury Indem. Co. v. United States for the Use of Jones, 238 F.2d 917, 921 (10th Cir. 1957). It is "highly remedial in nature [and therefore] entitled to a liberal construction and application in order properly to effectuate the Congressional intent to protect those whose labor and materials go into public projects." United States for the Use of Sherman v. Carter, 353 U.S. 210, 216 (1957). Despite the liberal construction mandated by the Supreme Court, however, all Miller Act claims "must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action." 40 U.S.C. § 3133(b)(4). In addition, although not yet ruled upon by the D.C. Circuit, several judges of the District Court have concluded that this one year statute of limitations is jurisdictional in nature. See United States for the Use and Benefit of Corbett Tech. Solutions, Inc. v. Safeco Ins. Co. of Am., 238 F. Supp. 2d 168 (D.D.C. 2002); United States for the Use and Benefit of Lank Woodwork Co., Inc., v. CSH Contractors, Inc., 452 F. Supp. 922, 924 (D.D.C. 1978) (citing United States for the Use and Benefit of Austin v. W. Elec. Co., 337 F.2d 568, 572-73 (9th Cir. 1964) ("Western Electric")).

In the case at bar, defendant claims that the work on each of the three contracts was completed by July of 2006 but that the complaint not brought until October of 2007. Defs. Mot. at 5. Plaintiffs, on the other hand, contend that work on the contracts, in the form of punch list items, continued until January of 2007. Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction

3

("Plains. Opp.") at 2. The issue, therefore, is whether punch list work performed by Highland after October of 2006, one year before suit was filed, is the type of work covered by the Miller Act.

In Western Electric, the court articulated what is now accepted as the majority[2] rule: the appropriate standard is "whether the work was performed and the material supplied as a part of the original contract' or for the 'purpose of correcting defects, or making repairs following inspection of the project.'" Id. at 572-73 (citations omitted). Although the court did not reach the issue of whether the relevant work was in fact performed as part of the original contract or whether the materials supplied were done so as part of the original contract, the standard's adoption by other courts, including the district court in this Circuit.

In United States for the Use and Benefit of T.L. Wallace Constr., Inc. v. Fireman's Fund Ins. Co., 790 F. Supp. 680 (S.D. Miss. 1992) ("Wallace"), the court noted that the general rule was that "remedial or corrective work, or inspection of work already completed, does not fall within the meaning of 'labor' and will not extend the one year limitations period." Id. at 683. The court further explained that the 1959 amendment to the Miller Act, which replaced the phrase "date of final settlement" with "date on which the last of the labor was performed or material was supplied" with reference to the running of the statute's one year statute of limitations, "was intended to provide 'a simple, fixed and certain method' for determining the time period within which to file suit." Id. at 683-84 (citing 1959 U.S. Code Cong. & Admin. News, at 1995-2000).

---

[2] See United States for the Use and Benefit of Hussmann Corp. v. Fid. and Deposit Co. of Md., 999 F. Supp. 734, 742-44 (D. N.J. 1998) for a survey of the courts comprising the majority.

4

Commenting on two decisions out of the Fifth Circuit in which corrective or remedial work was deemed "the last labor performed" for limitations purposes, the Wallace court noted that the repairs performed in those cases "were crucial to the operation of the project." Id. at 684. The court concluded that "'labor,' for purposes of the Miller Act limitations period, does not include remedial or corrective work, even if performed as a contractual duty, if such remedial or corrective work was neither significant nor crucial to the operation or functioning of the project." Id. Accord United States for the Use and Benefit of Interstate Mech. Contractors, Inc. v. Int'l Fidelity Ins. Co., 200 F.3d 456, 460 (6th Cir. 2000) ("The majority of circuits that have addressed this issue have held that remedial or correcting work or materials, or inspection of work already completed falls outside the meaning of 'labor' or 'materials' under § 270b(b).[3]"); United States for the Use and Benefit of Hope's Architectural Prods., Inc. v. N.P.P. Contractors, Inc., No. 96-CV-2291, 1997 WL 148641, at *1 (D.D.C. Mar. 20, 1997) ("Hope's Architectural Products") ("Work done for the 'purpose of correcting defects, or making repairs following inspection of the projects' will not extend the statutory limitations period."); United States for the Use of Mid-West Painting v. Hartford Accident & Indem. Co., 99-CV-1308, 2000 WL 1072296, at *1 (D. Kan. July 14, 2000) ("The statute has been construed by the majority of courts to mean that work performed under the original contract will commence the limitations period running, while work correcting or repairing earlier work will not affect the limitations period.") (internal citations omitted). Ultimately, the court in Wallace held that the punch list work at issue was clearly remedial in nature because 1) it involved the repair of items previously worked on, 2) the work itself was neither significant nor crucial to the overall operation

---

[3] 40 U.S.C. § 270b(b) was replaced by 40 U.S.C. § 3133(b)(4) in 2002.

5

of the project, and 3) plaintiff's own actions showed that it viewed the punch list work as potentially on-going and unrelated to the operation of the project. Wallace, 790 F. Supp. at 680.

In United States for the Use and Benefit of Lab. Furniture Co., Inc. v. Reliance Ins. Co., 274 F. Supp. 377 (D. Mass. 1967), the court, utilizing the standard established in Western Electric, held that for purposes of filing a claim under the Miller Act, the statute of limitations was tolled upon the termination of the contract, as illustrated by the actions of both parties. Specifically, the court noted that 1) certain materials were furnished as replacements for those provided during the original performance of the contract, 2) the materials were furnished seven months after the contract work was completed, 3) the materials were furnished four months after the contract was terminated, and 4) the materials were furnished in response to a request that was made by defendant to plaintiff's bonding company, not to plaintiff directly. The court thus concluded that the replacement materials "were not furnished 'in the prosecution of the work' within the meaning of 40 U.S.C. § 270b(a)." Id. at 380.

A consistent result was reached in United States for the Use and Benefit of Lank Woodwork Co., Inc., v. CSH Contractors, Inc., 452 F. Supp. 922 (D.D.C. 1978). In that case, the court concluded that plaintiff's delivery of certain materials was part of the originally contracted job. Id. at 926. Significantly, the court noted that only three months had lapsed between the delivery of materials that all parties agreed was required under the original contract and the delivery at issue in this case. Id. The court further noted that nothing in the record before it suggested that the latter delivery was in any way calculated to extend the time for bringing suit. Id.

In this case, defendant claims that plaintiff failed to meet the Miller Act's one year statute of limitations in regard to all three of the contracts referenced in plaintiff's complaint. Defs. Mot. at 4. Specifically, as to contract number GS-11P-04-ZG-C-0212, defendant claims that last invoice submitted to the GSA for work on this contract was dated June 2006. Id. at 2, 4. As to contract number GS-11P-04-ZG-C-0221, defendant claims that last invoice submitted to the GSA for work on this contract was dated July 2006. Id. at 2, 5. As to contract number GS-11P-04-ZG-C-0166, defendant claims that a copy of plaintiff's certified payroll for the period from May 5, 2006 through August 25, 2006 shows that the last date work was performed on this contract was July 28, 2006. Id. at 2, 5-6. In support of these contentions, defendant provides the affidavit of Rob Johnston, Vice President of MPSC, the company with which plaintiff contracted. See Defs. Mot. at Exhibit 4.

Plaintiff counters that the work on these three contracts continued until January 12, 2007 in the form of punch list work. Plains. Opp. at 2. As proof, plaintiff provides various documents that post-date the July 28, 2006 date identified by defendant as the last day work was performed on any of the contracts. See Plains. Opp. at Exhibits A and B. Such documentation includes copies of requests for change orders, copies of correspondence between the parties, and copies of the actual punch lists. Id.

As defendant notes in its reply and as is clear from the caselaw, punch list work or work that is either corrective or remedial in nature does not toll the running of the statute of limitations under the Miller Act. Defendant's Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction at 3. In addition, the items listed on plaintiff's punch lists require action that is clearly

7

corrective or remedial in nature. For example, the punch list for work performed on January 12, 2007 included the following items for Room No. A8201:  1) cap drain pipe, 2) remove dust from lower wall and base board, 3) paint hinges at upper access panel, 4) replace left door at electrical closet A, 5) touch south wall near window, 6) tuck carpet edges at base, and 7) clean light fixtures. Plains. Opp. at 29. Although these tasks were performed after the date defendant claims was the date the last labor was performed on the three contracts at issue, for purposes of calculating the date that the statute of limitations begins to run, the key is not whether work was performed on the contract but whether the work that was performed was significant or crucial to the operation of the project. While punch list items by their very nature are not crucial to the operation of a project, see Hope's Architectural Products, 1997 WL 148641, at *1; Wallace, 790 F. Supp. at 684, the jobs identified on the lists provided by plaintiff are minor repairs which can in no way be deemed significant or crucial to the completion of the renovation of the Old Post Office Pavilion. Plaintiff, who bears the burden of proof, failed to produce any evidence that work performed after the end dates cited by defendant was for anything other than punch list items. Therefore, plaintiff's Miller Act claims, claims that were filed beyond the one year statute of limitations as to each of the three contracts at issue, are untimely.

## CONCLUSION

The court concludes that because plaintiff failed to file within the one year statute of limitations prescribed by the Miller Act, 40 U.S.C. § 3133(b)(4), the court lacks subject matter jurisdiction over plaintiff's claims. The court thus recommends that defendant's motion to dismiss be granted.

**Failure to file timely objections to the findings and recommendations set forth in this report may waive your right of appeal from an order of the District Court adopting such findings and recommendations.  See Thomas v. Arn, 474 U.S. 140 (1985).**

                _____/S/_____
                JOHN M. FACCIOLA
                UNITED STATES MAGISTRATE JUDGE

Dated: August 19, 2008